```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                       :
RICHARD WEINSTEIN,                     :   CIVIL ACTION NO. 07-5364 (MLC)
                                       :
        Plaintiff,                     :        **MEMORANDUM OPINION**
                                       :
     v.                                :
                                       :
SLEEPY'S INC.,                         :
                                       :
        Defendant.                     :
                                       :
```

**THE COURT** ordering the defendant — Sleepy's, LLC ("SLLC"), named incorrectly herein as Sleepy's Inc. — to show cause why the action should not be remanded to state court for lack of jurisdiction under 28 U.S.C. § ("Section") 1332 (dkt. entry no. 4, Order to Show Cause ("OTSC")); and the plaintiff — a New Jersey citizen — bringing this action in state court on September 5, 2007, to recover damages under state law only (Compl.); and SLLC (1) removing the action based on jurisdiction under Section 1332 (dkt. entry no. 1, Rmv. Not., at 2), and (2) bearing the burden of demonstrating jurisdiction, see 28 U.S.C. § 1446(a); and the Court being authorized to examine jurisdiction and remand the action sua sponte, 28 U.S.C. § 1447(c); and

**SLLC** alleging that it is a Delaware corporation with its principal place of business in New York (Rmv. Not., at 2); but it appearing that SLLC is a limited liability company; and it appearing that limited liability companies are (1) unincorporated associations, and (2) deemed citizens of each state in which their members are citizens, not the states in which they were

formed or have their principal places of business, Carden v. Arkoma Assocs., 494 U.S. 185, 195-97 (1990); and it appearing also that each membership layer of a limited liability company must be analyzed to determine its citizenship, Belleville Catering Co. v. Champaign Mkt. Place, 350 F.3d 691, 693 (7th Cir. 2003) (concerning member that was itself a limited liability company), Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003) (stating citizenship of unincorporated association to be traced through each layer); and it appearing that SLLC has failed to properly allege its own citizenship; and

**THE COURT**, due to SLLC's deficient allegations, being unable to determine if it is deemed a "citizen[] of [a] different State[]" in relation to the plaintiff, 28 U.S.C. § 1332(a)(1); and the Court having advised SLLC of the intention to remand the action for lack of jurisdiction unless SLLC (1) properly analyzed each of its own membership layers, and alleged its own citizenship, on September 5, 2007, with supporting documentation, and (2) demonstrated that jurisdiction under Section 1332 existed on September 5, 2007 (OTSC, at 3); and the Court specifically directing SLLC to refrain from asserting confidentiality for any of its members (id.), see Belleville, 350 F.3d at 693 (stating "[i]t is not possible to litigate under the diversity jurisdiction with details kept confidential from the judiciary"), Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d

192, 207 n.22 (3d Cir. 2007) (rejecting, in jurisdictional analysis, partnership's "attempts to keep the identity of its limited partners confidential insofar as possible", as "the district court must know who they are and where they are citizens and its need for that information will trump [that partnership's] policies"); and

**SLLC** stating in response that (1) it "is comprised of sixteen separate entities", including blind trusts, (2) the members of those entities "total five different states, including . . . New Jersey", (3) the New Jersey citizens are among the blind trusts, and (4) "[a]t the time of removal, counsel for [SLLC] was not aware of the NJ beneficiaries under the blind trust arrangement" (dkt. entry no. 5, SLLC Resp., at 1-2); and SLLC stating — even though directed not to do so — that "the membership of the blind trusts is confidential" (dkt. entry no. 5, SLLC Affidavit, at 2 n.1); and

**SLLC THUS ADMITTING** that it removed an action to federal court without knowing whether jurisdiction existed, see Techstar Inv. Partn. v. Lawson, No. 94-6279, 1995 WL 739701, at *4 (E.D. Pa. Dec. 8, 1995) (stating unsupported Section-1332-jurisdiction allegation may violate Federal Rule of Civil Procedure ("Rule") 11), see also Cohen v. Kurtzman, 45 F.Supp.2d 423, 436-38 (D.N.J. 1999) (granting motion under Rule 11 for unsupported jurisdiction allegation), Hussey Copper v. Oxford Fin. Group, 121 F.R.D. 252,

253-54 (W.D. Pa. 1987) (same); and it appearing that the Court "should not need to underscore the importance of adequately pleading and proving diversity", CGB Occ. Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004); and it appearing that SLLC — as it has members that are trusts benefitting New-Jersey-citizen beneficiaries — is deemed to be a citizen of, among other states, New Jersey, see Emerald, 492 F.3d at 203 (stating court "is to look to the citizenship of both the trustee and the beneficiary in all cases"), id. at 205 (stating again "the citizenship of both the trustee and the beneficiary should control in determining the citizenship of a trust");[1] and

**IT FURTHER APPEARING** that SLLC'S showing as to the citizenship of each of its members is deficient; and SLLC alleging that (1) the first member, Sleepy's, Inc., and the fifth member, BDC Realty Corp., are "New York Corporation[s]", and (2) the second member, SINT, Inc., is "a Delaware Corporation" (SLLC Affidavit, at 1-2); but SLLC failing to (1) clarify where each corporation is incorporated and has its principal place of business, and (2) provide documentary evidence thereof, see 28 U.S.C. § 1332(c)(1); and

**SLLC ASSERTING** that the third member, which is a trust, has only (1) one beneficiary, Andrea Jane Acker, who is a Florida

---

[1] SLLC's argument that the "[Emerald] holding has . . . left more questions than answers" (SLLC Resp., at 2), is without merit and requires no further discussion by the Court.

4

citizen, and (2) one trustee, David Acker, who is a New York citizen (SLLC Affidavit, at 2); but SLLC failing to provide documentation proving these citizenship allegations; and

**SLLC ASSERTING** that the fourth member, which is a trust, has only (1) one trustee, David Acker, who is a New York citizen, and (2) several beneficiaries, identified as David Acker "and his children, individuals and citizens of . . . New York" (id.); and SLLC failing to (1) list each person, i.e., the "children", and (2) include documentation proving these citizenship allegations; and

**SLLC IDENTIFYING** the other members as "11 Executive Blind Trusts" benefitting (1) New York and Connecticut beneficiaries, and (2) the beneficiaries who are New Jersey citizens, discussed supra (id.); and it appearing that the deficiencies here require no further analysis or discussion; and

**THE COURT** thus intending to (1) grant the order to show cause, and (2) remand the action to state court; and for good cause appearing, the Court will issue an appropriate order and judgment.

                                                    s/ Mary L. Cooper          
                                                    **MARY L. COOPER**
                                                    United States District Judge

**Dated:**   April 22, 2008